**Louis Paul TOSCANO, Appellant**

v.

**MAGELLAN HEALTH SERVICES, also known as Green Spring of New Jersey, also known as Merit Behavioral Care.**

No. 07–2560.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and IOP 10.6 Sept. 27, 2007.

Filed: Oct. 18, 2007.

Louis Paul Toscano, Hackettstown, NJ, pro se.

Thomas F. Quinn, Wilson, Elser, Moskowitz, Edelman & Dicker, Newark, NJ, for Magellan Health Services.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

This is an appeal from the district court's dismissal of Louis Paul Toscano's amended complaint filed against Magellan Health Services ("Magellan"). For the following reasons, we will dismiss this appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

I.

On October 6, 2005, Toscano initiated this action by filing a complaint against

Magellan.[1] In this complaint he primarily alleged that he had been diverted, against his will, into AT&T's permanent disability program which is managed, in part, by Magellan.[2] Because of this designation, Toscano argued, he was unable to obtain the vocational rehabilitation services he requires in order to re-enter the workforce. Magellan moved for summary judgment and the district court, construing the request as one under Federal Rule of Civil Procedure 12(b)(6), dismissed the complaint without prejudice on February 26, 2007, for failing to state a claim upon which relief could be granted. In its order, the district court granted Toscano leave to file an amended complaint within ten days, which he did on March 27, 2007. In his amended complaint, Toscano argued that Magellan was in a position to know that his termination from AT&T was improper and that, after his termination from AT&T, Magellan had failed to provide services that would allow him to transition back to the workforce. Magellan moved to dismiss Toscano's amended complaint. In an opinion and separate order entered on May 10, 2007, the district court, 2007 WL 1395439, dismissed the amended complaint with prejudice. Toscano filed a timely notice of appeal.

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Because Toscano has been granted in forma pauperis status, we review this appeal for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) authorizes dismissal of an appeal if it has no arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). This court's review of a district court's dismissal under Rule 12(b)(6) is plenary. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993). A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the allegations contained in the complaint." *Id.*

## III.

The district court correctly determined that Toscano's amended complaint, invoking the Americans with Disabilities Act and the Vocational Rehabilitation of 1973, failed to state a claim against Magellan that could entitle him to any relief. Magellan, a health care management organization, is authorized to administer AT&T's mental health and substance abuse benefits under AT&T's group insurance program for its employees. As a benefits program administrator for AT&T, Magellan was simply not in a position to act in any way related to Toscano's termination from AT&T nor to modify Toscano's disability status.[3] Further, as the district court noted, these decisions rested with his former employer, AT&T. Additionally, Toscano alleged no monetary harm as a

---

1. On this same date, Toscano also filed separate complaints against AT&T and Connecticut General Life Insurance Company ("CGLIC") in the District of New Jersey. *See* D.C. Nos. 05–cv–03539, 05–cv–04833. Both of these actions and the action underlying this appeal were consolidated for the purposes of discovery only. Appeals by Toscano in his actions against CGLIC and AT&T are currently pending before this court. *See* C.A. Nos. 07–1629, 07–2438.

2. Toscano also made numerous claims concerning the circumstances of his termination from AT&T. As we further explain, it is unclear how Magellan, as a provider of health services, was a party to any of these transactions.

3. Toscano, in fact, conceded in his amended complaint that he "realiz[ed] that some aspects of this case were not within the control of [Magellan]."

result of Magellan's actions or inactions concerning his status.

In sum, because Toscano's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Toscano's motions for emergent relief and to compel records are denied.